BEFORE THE FIRST DIVISION, JANUARY 7, 1958

**No. 61435.**—Ralston Purina Company *v.* United States, protest 145672–K (Duluth).

WILSON, Judge: The merchandise in the case at bar was invoiced as "Canadian Dogfish Liver Oil." It was classified under paragraph 34 of the Tariff Act of 1930, as amended by the General Agreement on Tariffs and Trade, T. D. 51802, under the provisions therein for drugs of animal origin, natural and uncompounded and not edible, and not containing alcohol, advanced in value or condition, and was assessed with duty at the rate of 5 per centum ad valorem, plus internal revenue tax of 1½ cents per pound.

Plaintiff, in its original protest, claimed the merchandise properly free of duty under the provisions in paragraph 1669 of the Tariff Act of 1930 for drugs of animal origin which are natural and uncompounded, and not edible, in a crude state, not advanced in value or condition; and that said merchandise is not subject to internal revenue tax. By amendment to the protest herein, plaintiff claims the involved merchandise should be subject to internal revenue tax under section 2491 (a) of the Internal Revenue Code, as amended, *supra*, at only 1 cent pound.

The following stipulation was entered into by counsel for the respective parties:

1) The merchandise covered by this protest and entered at the port of Ranier on or about January 10, 1948, consists of shark-liver oil produced from sharks known as dogfish and was assessed with an import tax of 1½ cents per pound.

2) Upon this stipulation and the official customs file in the case, this protest may be deemed to be submitted.

Dogfish (shark) liver oil from Canada was the subject of the litigation in *Geo. S. Bush & Co., Inc., et al.* v. *United States*, 26 Cust. Ct. 251, C. D. 1332, affirmed in

*Same* v. *Same*, 42 C. C. P. A. (Customs) 190, C. A. D. 592, holding that the merchandise was properly classifiable as an advanced drug under paragraph 34 of the Tariff Act of 1930, as assessed by the collector, rather than as a crude drug under paragraph 1669 of the said act, as claimed by the plaintiffs.

In *Geo. S. Bush & Co., Inc.* v. *United States*, 32 C. C. P. A. (Customs) 56, C. A. D. 285, the appellate court held that dogfish (shark) liver oil from Canada was subject to the internal revenue tax of 1½ cents per pound.

Under the cited authorities, the protest claim for free entry of the involved merchandise under paragraph 1669 of the Tariff Act of 1930 is overruled, and the merchandise is held properly dutiable under paragraph 34 of said act, as amended by the General Agreement on Tariffs and Trade, T. D. 51802, at the rate of 5 per centum ad valorem as an advanced drug of animal origin, natural and uncompounded and not edible, not containing alcohol. The protest claim that the involved merchandise is subject to internal revenue tax under section 2491 (a), as amended, *supra*, at the rate of 1 cent per pound, is sustained.

Judgment will issue accordingly.